WILLIAM DONALDSON *et al. vs.* MARY A. JOHNSON *et als.*

When the report of a master in chancery is returned into court sealed and indorsed, "fees to be paid before opening," the report will not be regarded as filed within the meaning of equity rule 52, which allows one month from filing for the presentation of exceptions, until it has been opened or the fees have been paid.

BILL IN EQUITY for a reconveyance of realty, for an account, and for an injunction. On motions relative to the master's report.

The master in chancery, to whom this case was referred to take the account, returned his report sealed up, indorsed with the amount of his fees and a direction "to be paid before opening." Subsequently the respondents obtained an order "that the time for filing exceptions to the master's report be extended for ten days after the report is opened." The complainants then asked the court to vacate this order, and to cause the report of the master to be opened without a prepayment of his fees, the fees to be made a first lien on the realty described in the bill.

*October* 10, 1888. PER CURIAM. The court decides that when

---

the report of a master is returned into court sealed up and indorsed "Fees to be paid before opening," such report is not to be regarded as filed within the meaning of equity rule 52, which allows one month from the time of filing the report for the filing of exceptions thereto, until it has been opened or the fees have been paid. The complainants' motion to vacate the order giving to the respondents an extension of the time to file exceptions is denied; the motion to open the master's report is granted, the question as to how the master's fees shall he paid or secured being reserved for future decision. *Order accordingly.*

*James M. Ripley, John F. Lonsdale & Nathan W. Littlefield,* for complainants.

*James Tillinghast,* for respondents.